# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

**LORRIE HULBERT,**

 **Plaintiff,**

vs.

**SAFEWAY, INC., and JOHN AND JANE DOES I-X,**

 **Defendants.**

_____

## NOTICE OF REMOVAL
_____

  Defendant Safeway, Inc., by and through counsel, CHILDS MCCUNE LLC, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal of the above action from the District Court for the City and County of Denver, Colorado to the United States District Court for the District of Colorado. Copies of all pleadings and orders in the state court file are filed with this Notice. In support, Defendant states as follows:

  1. On August 11, 2014 Plaintiff filed a civil action in Denver County District Court entitled *Lorrie Hulbert v. Safeway, Inc., and John and Jane Does I-X*, case no. 2014CV33154. *See* Complaint, attached as ***Exhibit A***. This action stems from events that occurred at two Safeway pharmacies located in Fort Collins, Colorado in September 2014. *See* Complaint ¶¶ 6-16.

  2. An authorized agent of the Defendant Safeway, Inc. received a copy of the initial pleading on August 18, 2014. *See*, Return of Service, filed 8/19/14, attached as ***Exhibit B***.

This Notice of Removal is, therefore, timely filed "within 30 days after receipt by the defendant through service or otherwise." 28 U.S.C. § 1446(b)(1).

3. Safeway, Inc. is the only party represented by the undersigned counsel at CHILDS MCCUNE LLC.

4. This is an action in which the District Courts of the United States have original jurisdiction under the provisions of 28 U.S.C. § 1332, because diversity of citizenship exists between the Plaintiff and the Defendant, the Defendant is not a citizen of Colorado, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Complete diversity exists when each defendant is a citizen of a different state from each plaintiff. *Ravenswood Inv. Co., L.P. v. Avalon Correctional Services*, 651 F.3d 1219, 1223 (10th Cir. 2011). Based on the allegations in the Complaint, Plaintiff is a citizen of the State of Colorado. *See **Exhibit A*** at ¶ 1. Defendant is a Delaware corporation with its principal place of business at 5918 Stoneridge Mall Road, Pleasanton, California 94588. *See **Exhibit C***. Therefore, because the Plaintiff and Defendant are citizens of different states, complete diversity exists.

6. The amount in controversy in this case exceeds the sum of $75,000.00, exclusive of interest and costs. Pursuant to 28 U.S.C. § 1446(c)(2)(A)(ii), "the notice of removal may assert the amount in controversy if the initial pleading seeks a money judgment, but the State practice . . . does not permit demand for a specific sum." In Colorado, a plaintiff may not state a demand for a specific dollar amount in the complaint. C.R.C.P. 8(a) ("No dollar amount shall be stated in the prayer or demand for relief."). When state practice prohibits the pleading of a specific sum in the complaint, removal is proper on the basis of the amount asserted by the defendant "if the

Court finds, by a preponderance of the evidence, that the amount in controversy exceeds" $75,000. 28 U.S.C. § 1446(c)(2)(B), (3)(A).

7. Although Safeway, Inc., denies Plaintiff's claims, Safeway, Inc., believes in good faith that more than $75,000 is in controversy. Plaintiff's counsel has represented that Plaintiff has suffered and incurred more than $100,000 in damages, and therefore the amount in controversy satisfies the $75,000 jurisdictional requirement. *See McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008) (a defendant may show that the amount in controversy is greater than $75,000 "'by reference to the plaintiff's informal estimates or settlement demands'") (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006); *Phillips v. Lincare Inc.*, 2013 WL 6689361, case no. 13-cv-01746-LTB-BNB, *3 (D. Colo. Dec. 19, 2013); *Levings v. Interstate Distrib. Co.*, case no. 10-CV-02384-JLK-MEH (D. Colo. Dec. 7, 2010). This representation was made during a phone call with Plaintiff's counsel, who also indicated that Plaintiff does not object to removal to this Court. In addition, Plaintiff alleges that as a direct and proximate result of Defendant's negligence, she has incurred past and future economic damages, past and future medical expenses, past and future non-economic damages, and damages related to loss of enjoyment of life. *See* **Exhibit A**, ¶ 25. Furthermore, while not sufficient in and of itself, Plaintiff also represented to the Boulder County District Court in her Civil Cover Sheet that she is seeking damages in excess of $100,000, exclusive of interest and costs. *See* **Exhibit D**. Accordingly, Safeway, Inc., meets its burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

8. Moreover, Safeway, Inc. has satisfied all other requirements for removal: the District Court of Denver County, Colorado, is located within the District of Colorado, *see* 28 U.S.C. §

1441(a); and Safeway, Inc., is not a citizen of Colorado, where this action was brought, see 28 U.S.C. § 1441(b).

9. Attached as *Exhibit E* is the docket from the Denver County District Court, and a copy of the contents of the case file, not already identified in this Notice, are attached and identified as follows: Delay Reduction and E-Filing Order, attached as *Exhibit F*; Motion for Extension of Time to Respond, attached as *Exhibit G*; Order Granting Extension of Time to Respond, attached as *Exhibit H*. No hearings have been set in the state court and there are no pending motions.

10. Under 28 U.S.C. § 1446(d), undersigned counsel certifies that a copy of the original Notice of Removal will be filed with the Clerk of the Denver County District Court and served on the attorney for the Plaintiff as indicated in the attached Certificate of Service.

WHEREFORE, Safeway, Inc., removes this action from the District Court, Denver County, State of Colorado, to the United States District Court for the District of Colorado.

Respectfully submitted this 17th day of September 2014.

>*s/ Steven A. Michalek*
> Steven A. Michalek, #29491
> Arthur M. Loyd, #45763
> CHILDS MCCUNE LLC
> 821 17th Street, Suite 500
> Denver, CO 80202
> Telephone: 303.296.7300
> Facsimile: Declined pursuant to C.R.C.P. 5(b)
> smichalek@childsmccune.com
> aloyd@childsmccune.com
> Attorneys for Defendant Safeway, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2014, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Thomas A. Bulger
Silvern & Bulger, P.C.
4800 Wadsworth Blvd., Ste. 307
Wheat Ridge, CO  80033
Email: counsel@silvernbulger.com

*s/      Mary Baltz*