# EXHIBIT A

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER COLORADO<br>Court address:   1437 Bannock<br>                 Denver, Colorado  80204 | DATE FILED: August 11, 2014 9:32 AM<br>FILING ID: 405C7985401DC<br>CASE NUMBER: 2014CV33154 |
| **Plaintiff:**    **LORRIE HULBERT**<br><br>v.<br><br>**Defendants: SAFEWAY, INC., and JOHN AND JANE DOES I-X.** | |
| Attorney for Plaintiff:<br>Thomas A. Bulger, Reg. #29390<br>Silvern & Bulger, P.C.<br>4800 Wadsworth Blvd., Suite 307<br>Wheat Ridge, Colorado 80033<br>Phone Number: 303-292-0044<br>Fax Number: 303-292-1466<br>e-mail: counsel@silvernbulger.com | Case No.<br><br><br><br><br>Div.: |
| **COMPLAINT AND JURY TRIAL DEMAND** | |

COMES NOW the Plaintiff, Lorrie Hulbert, by and through her undersigned counsel, Thomas A. Bulger, of Silvern & Bulger, P.C., and respectfully submits this Complaint and Jury Trial Demand and respectfully states as follows:

## PARTIES

1.   Plaintiff, Lorrie Hulbert, is a natural person and citizen of the State of Colorado, whose address is 2506 Powell Place, Fort Collins, Colorado 80526.

2.   Defendant Safeway, Inc. ("Safeway"), is a foreign corporation doing business in the State of Colorado.  Their registered agent for service is the United States Corporation Company, 1560 Broadway, Suite 2090, Denver, Colorado 80202.

Exhibit A

3. John and Jane Does I-X are the employees, agents, and/or servants of Defendant who participated in the negligent care of Plaintiff as alleged herein.

## JURISDICTION AND VENUE

4. Pursuant to the C.R.C.P. and/or other applicable case law, this Court has jurisdiction over Plaintiff's claims which arise out of alleged professional negligence of the Defendant and resulting bodily injuries to Plaintiff.

5. Pursuant to C.R.C.P. 98, venue is proper in this Court because the registered agent for the Defendant is located in the City and County of Denver, Colorado.

## STATEMENT OF THE FACTS

6. At all pertinent times, Plaintiff was a customer of the Defendant, specifically at Defendant's stores located in Fort Collins, Colorado.

7. On or about September 4, 2012, Plaintiff was struck on the head by a bat, requiring her to seek a series of rabies vaccination shots per the recommendation of the Larimer County Health Department.

8. Previously, in or around 2007 or 2008, Plaintiff had been exposed to rabies and required an immunoglobulin injection.

9. On or about September 6, 2012, Plaintiff received the first shot at the pharmacy located at Defendant's store at 2160 West Drake Road, Fort Collins, Colorado.

10. On information and belief, said pharmacy is operated by the Defendant.

11. On September 9, 2012, Plaintiff received the second shot at the same location.

12. Based on a review of the record of the shots by the Health Department, and their conclusion that the shots were not administered properly, Plaintiff was required to repeat the series.

13. Plaintiff received a third shot on or about September 11, 2012 by personnel at the Defendant's store located at 1426 East Harmony Road, Fort Collins, Colorado.

14. After the injection on September 11, 2012, Plaintiff became ill. Plaintiff was subsequently advised on or about September 115 2012 that she was erroneously injected with a rabies immunoglobulin which, based on information and belief, is only supposed to be administered following the first exposure to rabies (and Plaintiff should have only been given booster injections). Plaintiff sought medical care as a result of her symptoms on or bout September 15, 2012.

15. Due to this error, Plaintiff had to submit to another injection on or about September 14, 2012 which was performed at the Harmony Road store.

16. The fifth and final injection was administered on September 17, 2012 at the Harmony Road store.

17. All said shots, and all improper conduct alleged herein, was performed by Defendant through its employees, agents and/or servants identified as John and Jane Does I-X.

## FIRST CLAIM FOR RELIEF-
## PLAINTIFF V. DEFENDANTS – MEDICAL NEGLIGENCE

18. Plaintiff incorporates and realleges by reference the previous paragraphs of this Complaint.

19. Defendant's medical care fell beneath the required standard of care for the profession, and Defendant was therefore negligent, including that they failed to properly administer the rabies shots as set forth herein; failed to consider Plaintiff's medical history, includi8ng that she has previously received an immunoglobulin injection; and/or was otherwise negligent.

20. Plaintiff was injured as a result, and suffered other injuries and damages as alleged herein.

## SECOND CLAIM FOR RELIEF – RES IPSA LOQUITUR

21. Plaintiff incorporates and realleges by reference the previous paragraphs of this Complaint.

3

22. Between September 4, 2012 and September 17, 2012, Plaintiff received a series of rabies injections from Defendant as set forth in above.

23. Since that time Plaintiff has experienced ongoing issues of the nature and severity that would not generally occur in the absence of negligence.

24. Plaintiff was injured as a result.

## DAMAGES

25. The Defendant's above-alleged wrongful conduct caused the injuries and damages to the Plaintiff, including but not limited to: Past and future economic damages, including but not limited to medical and related expenses, past and future non-economic damages, including but not limited to bodily injury; pain and suffering; inconvenience; emotional stress; anxiety; loss of enjoyment of life; and any and all other consequential losses arising from Defendant's negligence as provided by law.

## LEAVE TO AMEND

26. Plaintiff respectfully requests leave to amend her Complaint to add or delete any claims or parties after discovery reveals the facts regarding same.

WHEREFORE, Plaintiff respectfully requests damages against the Defendant, individually, jointly, and/or severally, including based on principles of agency, vicarious liability and/or *respondeat superior,* as follows:

A. Compensatory damages as proven.

B. Costs of suit according to law, including but not limited to expert witness fees.

C. Attorney fees according to law for attorney time expended as a result of any frivolous position which may be taken by Defendant, or on its behalf, during the course of this litigation, including but not limited to groundlessly denying negligence, or asserting any substantially groundless affirmative defense.

D. Interest pursuant to C.R.S. §13-21-101 and/or other provision of law.

E Such other and further relief as the Court deems fit.

4

## **JURY DEMAND**

Plaintiff respectfully demands TRIAL BY A JURY OF SIX (6) in the above cause, on all issues so triable.

        Respectfully submitted,

        SILVERN & BULGER, P.C.

        _s/Thomas A. Bulger_
        Thomas A. Bulger
        *Attorney for Plaintiff*

Plaintiff's address:
2506 Powell Place
Fort Collins, Colorado 80526